UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 4 - 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| WARNER BROS. RECORD INC., ET AL., ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civ. Action No. 07-706 (RJL) |
| DOES 1 - 14, ) ) | |
| Defendants. ) | |

## MEMORANDUM DECISION
(January 3, 2008) [#3]

Plaintiffs, a group of internationally renowned recording companies, filed a one-count complaint against a series of Doe defendants for copyright infringement. (Am. Compl. ¶¶ 23, 25.) Currently pending before the Court is plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery. For the following reasons, plaintiffs' Application is GRANTED.

Plaintiffs request permission to serve limited discovery on Verizon Internet Services, Inc. ("Verizon"), a third party internet service provider ("ISP"), in the form of a Rule 45 subpoena. (Pls.' Mem. Supp. Application at 3.) Plaintiffs seek the true identities of defendants, including each defendant's true name, current (and permanent) addresses, telephone numbers, e-mail addresses, and Media Access Control ("MAC")

1

addresses. (*Id.*)

According to the Amended Complaint,[1] each defendant uses an online media distribution system to download plaintiffs' copyrighted works and/or distribute these works to the public. (*See* Pls.' Mem. Supp. Application at 2.) Although plaintiffs do not know defendants' names, plaintiffs have identified each defendant by a unique internet protocol ("IP") address assigned to that defendant on the date and at the time of the allegedly infringing activity. (*Id.*) Through the use of a publicly available database, plaintiffs have traced the IP address for each defendant and determined that it belongs to Verizon. (*Id.*) For this suit to progress further, however, the defendants must be identified. The Court therefore grants plaintiffs' request for immediate discovery, with the following limitations.

Plaintiffs are hereby allowed to serve immediate discovery on Verizon to obtain the identity of each Doe defendant by serving a Rule 45 subpoena that seeks information sufficient to accomplish such (i.e., name, current (and permanent) addresses, telephone numbers, e-mail addresses, and MAC addresses). The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B), which authorizes cable operators to disclose personally identifiable information when ordered to do so by a court. Any

---

[1] Because plaintiffs filed an amended complaint after filing the above-referenced Application for Leave to Take Immediate Discovery, all citations in the Memorandum Decision are to the First Amended Complaint. No substantive changes were made in the First Amended Complaint and Plaintiffs' request for immediate discovery is not altered by the filing of the Amended Complaint.

information disclosed to plaintiffs in response to the Rule 45 subpoena may be used by plaintiffs solely for the purpose of protecting plaintiffs' rights as set forth in the Amended Complaint.

If and when Verizon is served with a subpoena, Verizon shall give written notice, which may include e-mail notice, to the subscribers in question within five business days. If Verizon and/or any defendant wants to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 30 days from the date of service. Verizon shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. Finally, plaintiffs shall provide Verizon with a copy of this Memorandum Decision and Order along with its subpoena. An appropriate Order will accompany this Decision.

_____
RICHARD J. LEON
United States District Judge